**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **C.S., Individually and as a Class Representative,** | **Civil Action No. 19-964 (WJM)** (*Lead Docket*) |
| **Plaintiff,** | |
| v. | |
| **HEALTHPLUS SURGERY CENTER, LLC**, *et al*., | |
| **Defendants.** | |
| **LAUREN MARRERO and JULIO MARRERO,** | **Civil Action No. 19-965 (WJM)** (*Consolidated*) |
| **Plaintiffs,** | |
| v. | |
| **HEALTHPLUS SURGERY CENTER, LLC,** | |
| **Defendant.** | |
| **DUANE WINLEY-DUNK, on her own behalf, and on behalf of those similarly situated,** | **Civil Action No 19-5906 (WJM)** (*Consolidated*) |
| **Plaintiff,** | **OPINION & ORDER** |
| **HEALTHPLUS SURGERY CENTER, LLC,** | |
| **Defendant.** | |

**FALK, U.S.M.J.**

The above cases are consolidated putative class actions. The putative classes consist of persons who were allegedly and potentially exposed to bloodborne pathogens including hepatitis B, hepatitis C, and HIV as a result of the supposedly intentional, reckless, and/or negligent conduct of Defendants that caused lapses in infection control in sterilization and cleaning of instruments at the HealthPlus ambulatory surgery center in Saddle Brook, New Jersey between January 1, 2018 and September 7, 2018. As the parties know, there are several related cases pending in the New Jersey Superior Court before the Honorable Rachelle L. Harz, J.S.C.

Presently before the Court is Plaintiff's motion for leave to file an amended complaint. [ECF No. 25.] The motion is opposed. No oral argument is necessary. *See* Fed. R. Civ. P. 78(b). For the reasons set forth herein, the motion is **GRANTED**.

**I.     The Motion to Amend**

The basic gist of this case is stated in the opening paragraph. The original pleading in the *C.S.* case is a state court pleading that named HealthPlus Surgery Center, LLC (at times, "HP"); Yan Moshe (the owner/operator of HP); and Betty McCabe (HP's administrator) as Defendants and contained three counts: (1) Negligence; (2) Battery; and (3) "Malice." The Complaint was removed to federal court on January 23, 2019.

**A.     The Proposed Amendment**[1]

The proposed amended complaint seeks to add 11 defendants - some are individuals, and some are companies. The amendment also refines and expands the claims. Specifically, Plaintiffs allege that many of these proposed Defendants were allegedly involved in a referral scheme with HealthPlus where Mr. Moshe and his sister would inappropriately and negligently refer patients, without need, from NY-based, Moshe-controlled companies to HealthPlus. This referral scheme

---

[1] Plaintiff has submitted a proposed amended complaint along with the motion as is required by the Local Rules (*see* L. Civ. R. 7.1(f)); however, it is not redlined, so it requires manual comparison of the current operative pleading and the proposed amended complaint.

allegedly resulted in substantial overbilling.

The Amended Complaint also substantially reforms the causes of action. The pleading expands from 3 counts and 3 defendants, including the somewhat confusingly labeled "Malice" count, to 9 counts and approximately 15 defendants. The proposed amended complaint contains a table of contents that reads as follows:

> COUNT ONE (Patient's Claim for Negligence against HealthPlus, the Medical Director and the Nursing Director Defendants)
> COUNT TWO (Patient's Claim for Negligence against Yan Moshe as Owner of HealthPlus)
> COUNT THREE (Patient's Claim for Negligence against Citimedical NY, Citimed NJ, Premier, Pain as Related Entities)
> COUNT FOUR (Patient's Claim for Direct Negligence against Yan Moshe)
> COUNT FIVE (Patient's Claim for Negligence against the MRK Defendants)
> COUNT SIX (Patient's Claim for Negligent Referral Against Regina Moshe, M.D. and Citimedical NY)
> COUNT SEVEN (Patient's Claim for Negligent Against the Anesthesiologist Defendants)
> COUNT EIGHT (Spousal Claim for Negligence)
> COUNT NINE (Loss of Consortium)

(ECF No. 25-3, pp. 3-4.)

### B.     The Parties' Arguments

Defendants have only <u>partial</u> opposition to the motion to amend. They oppose: (1) the addition of HealthPlus's former nursing director, Corinne Lora; and (2) any aspect of the pleading that contains negligence claims against Yan Moshe, HealthPlus's owner. They claim that any negligence claims against Moshe are futile, and that Ms. Lora did not work for HealthPlus at the time of the alleged health infractions, and therefore, there is no basis to include her.[2]

Plaintiffs claim that they may bring negligence claims against Moshe under at least two theories: (1) piercing the corporate veil; and (2) New Jersey's "Participation Theory" – the Participation Theory allows for claims of liability against individuals when "the corporation owed a duty of care to the victim, the duty was delegated to an officer, and the officer breached the duty of care by his conduct." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 303 (2002).

---

[2] In their reply papers, Plaintiffs have dropped the request to include Ms. Lora as a Defendant. (Pl.'s Reply Br. 13.) Thus, arguments relating to this point are moot.

Plaintiffs claim that they need a factual investigation into whether the corporate veil can be pierced, but that upon information and belief, Moshe abused the corporate form of the company and illicitly and inappropriately used the company in engaging in inappropriate billing and transfer of patients, etc. They further contend that liability can be established under the Participation Theory because HealthPlus owed a duty of care, it was delegated to Moshe, and he breached that duty both in the way the alleged exposure to dangerous pathogens occurred, and in the way he allegedly engaged in the supposed referral and billing scheme.

## II.     Legal Standard

A motion to amend should be granted unless the amendment is (1) unduly delayed or prejudicial; (2) made in bad faith; (3) made with a dilatory motive; (4) the result of the failure to cure previous deficiencies; or (5) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant's opposition is based on futility. Futility generally refers to the concept that the proposed amendment would not survive a Rule 12(b)(6) motion, even assuming everything in the proposed pleading is true. However, although Rule 15 futility closely tracks Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims. As it has been described:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. <u>This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense</u>; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).

**III.    Decision**

A futility-based opposition to a motion to amend is a limited inquiry. The Court is charged with screening and eliminating patently frivolous claims -- e.g., a claim clearly barred by the statute of limitations.

Here, Defendants' opposition papers are akin to a summary judgment motion. They challenge, at length, the adequacy of the factual allegations necessary to support liability under either a veil piercing or participation theory basis. This well-exceeds the scope of a Rule 15 motion to amend. The amended pleading is 40 pages and contains a fair number of factual allegations on the elements necessary to attempt to plead veil piercing or negligence-related claims. Whether they are ultimately enough to prevail on a negligence theory against Mr. Moshe is unclear. But whatever the case is, it well exceeds the scope of this motion. Everything in Plaintiff's pleading must be assumed to be true. On the other hand, Defendant's opposition borders on not only calling those facts into question, but resolving contested allegations approaching summary judgment. For example, the opposition brief invites conclusions such as: "Mr. Moshe did not maintain an active role in the supervision and management of the HealthPlus facility" (Opp'n Br. 22; quotes omitted); and "Plaintiff's allegation that Mr. Moshe . . . was actively involved in patient treatment is untrue and undermined by a reading of Plaintiff's own proposed Amended Complaint." (*Id.*) These types of "calls" could never be made in the context of Rule 15.

As stated above, in practice the Rule 15 standard is less demanding than Rule 12(b)(6), *see Harrison Beverage*, 133 F.R.D. at 468, since it doesn't require the full exposition provided on an actual motion to dismiss. Applying that standard to the proposed amended pleading, it is clear that the motion to amend should be granted, and that the viability of any such claims may be tested

pursuant to the standards of Federal Rule Civil Procedure 12(b)(6) or if necessary, Rule 56.[3]

## CONCLUSION

For the reasons stated above, the motion to amend is **GRANTED**. Plaintiffs shall file their amended pleading forthwith. Defendants are free to respond to the amended complaint in any manner permitted by the Local and Federal Rules.

<u>s/Mark Falk</u>
**MARK FALK**
**United States Magistrate Judge**

**DATED: October 14, 2020**

---

[3] Defendants also rely on a slip order entered by a state court judge in a related case (*Salcedo v. HealthPlus*) that declined to allow veil piercing claims against Mr. Moshe because the factual allegations were deficient. However, this Order was not entered by Judge Harz, and is a two-sentence typed entry on a proposed order that provides no underlying rationale for the decision. While the decision may be absolutely correct in its context, it is not guided by Federal Rule 15, limiting its persuasive value on this motion.